David N. Chandler, Jr. SBN 235427
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE:

WILDFLOWER INVESTMENT
PROPERTIES II, LLC,

    Debtor.          /

CASE No. 25-10580 WJL

CHAPTER 11

CHAPTER 11 PLAN
December 15, 2025

Wildflower Investment Properties II, LLC, Debtor herein, proposes the following Plan pursuant to Chapter 11 of the Code:

ARTICLE I

DEFINITIONS

For purposes of the Plan, the following terms shall have the meanings hereinafter set forth:

1.01.    Allowed claim shall mean a Claim (a) in respect of which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitation fixed by Rule 3001, or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to allowance thereof has been interposed with any applicable period of limitation fixed by Rule 3001, or by order of the Bankruptcy Court, or as to which any such objection has been

determined which is no longer subject to appeal or certiorari and as to which no appeal or certiorari proceeding is pending.

1.02. <u>Allowed Secured Claim</u> shall mean the Allowed Claim secured by a lien, security interest or other charge against the property in which Debtor has an interest, or which is subject to setoff under Section 553 of the Code to the extent of the value (determined in accordance with 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.03. <u>Claim</u> shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured, unsecured, known or unknown.

1.04. <u>Class</u> shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.05. <u>Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims and Class 5 Interests</u> shall mean Allowed Claims and Interests so classified in Sections 3.01 through 3.05 respectively.

1.06. <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the Northern District Of California in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.07. <u>Code</u> shall mean the Bankruptcy Code, 11 U.S.C. section 101, et seq., and any amendments thereof.

1.08.    Confirmation Date shall mean the date upon which the order of confirmation is entered by the Bankruptcy Court.

1.09.    Debtor means the Debtor in this Chapter 11 case.

1.10.    Market Rate of Interest means 7% per annum or such other rate of interest as the Bankruptcy Court determines at the time of confirmation.

1.11.    Order of Confirmation means the order entered by the Bankruptcy Court confirming the Plan in accordance with provisions of Chapter 11 of the Code.

1.12.    Petition Date means September 15, 2025, the date of the filing of the voluntary petition under Chapter 11 of the Code.

1.13.    Plan means this Chapter 11 Plan, as may be amended or modified in accordance with the Code.

1.14.    Rules means Bankruptcy Rules, as amended and supplemented by the Suggested Interim Bankruptcy Rules, as adopted by the Bankruptcy Court.

ARTICLE II

EXPENSES OF ADMINISTRATION

2.01. Administrative expenses of Debtor's Chapter 11 case allowed pursuant to Section 503(b) of the Code shall be paid in full at the Confirmation Date unless otherwise Ordered by the Bankruptcy Court, in cash, or upon such other terms as may be agreed upon by the holder of such claims and Debtor.

2.02.    Any fees due the U.S. Trustee shall be paid in full on or before the Confirmation Date.

ARTICLE III

CLASSIFICATION OF CLAIMS

The Claims are classified as follows:

3.01.    Class 1 Claims. Allowed claims entitled to priority pursuant to Section 507 of the Bankruptcy Code.

3.02.    Class 2 Claims. Allowed secured claim of the County of Mendocino based upon the secured tax roll and secured by real property located at 187 Main St., Point Arena, CA.

3.03.    Class 3 Claims. Allowed secured claim of Anne Freeman, Trustee of the Anne Freeman Family Trust, Dated June 5, 2014 secured by a Deed of Trust encumbering real property located at 187 Main St., Point Arena, CA.

3.04.    Class 4 Claims. Allowed claims of creditors, other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims and Class 5 Interests including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Bankruptcy Court finds the same unsecured in whole or in part.

3.05.    Class 5 Interests. Allowed interests of Debtor.

ARTICLE IV

CLAIMS NOT IMPAIRED UNDER THE PLAN

4.01.    Reserved.

ARTICLE V

TREATMENT OF IMPAIRED CLASSES OF CLAIMS

5.01.    Class 1 Claims are impaired. Holders of allowed Class 1 Claims shall be paid in equal monthly installments of principal and interest or more at the statutory rate beginning on the Effective Date of the Plan and continuing for a period ending at 5-years after the Petition Date.

5.02.    Class 2 Claims are impaired. Holders of allowed Class

2 Claims which are not current on the effective date of the Plan shall be placed on a five-year plan as provided by statute for real property located at 187 Main St., Point Arena, CA.

Such Holders shall retain the lien in the collateral. Class 2 claims will be paid in full upon refinance or sale of the real property.

5.03. <u>Class 3 Claims are impaired</u>. Holders of allowed Class 3 Claims shall be paid an amount equal to such holder's interest in the estate's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization. Unless earlier satisfied from refinance or sale, the balance will be due at five (5) years from the Effective Date of the Plan.

Such Holders shall retain the lien in the collateral. Class 2 claims will be paid in full upon refinance or sale of the real property. The Debtor will pay post-petition secured tax roll assessments directly to the Mendocino County Tax Collector.

5.04. <u>Class 4 Claims are impaired</u>. Holders of Class 4 Claims shall be paid 90% of their Allowed Claims over a period of 1-year in four (4) equal quarterly installments beginning on the Effective Date of the Plan.

Class 4 Claims will be paid upon refinance or sale of the real property.

5.05. <u>Class 5 Interests are not impaired</u>. Holders of Class 5 Interests shall retain their interests in the reorganized Debtor, provided however that such Holders shall make the payments

contemplated under the Plan to whatever extent rental income is not sufficient for the Debtor make such payments including, without limitation, payments to the Holders of Class 1 claims, Holders of Class 2 claims, Holders of Class 3 claims Holders of Class 4 claims.

Property of the estate shall re-vest in the Debtor on the effective date of the Plan subject to the terms of the Plan.

ARTICLE VI

TREATMENT OF EXECUTORY CONTRACTS

6.01.    Reserved.

ARTICLE VII

MEANS FOR THE PLAN'S EXECUTION

7.01.    The Debtor will continue to generate rental income from 187 Main St., Point Arena, CA.

7.02.    The Debtor will use its best efforts cause real property located at 187 Main St., Point Arena, CA to be refinanced as soon as practicable. If/when a refinance is effectuated, holders of allowed claims secured by such property (i.e. Holders of Class 2 claims and Holders of Class 3 claims) shall be paid from the proceeds of refinance, together with interest as herein provided. Holders of Class 1 claims and Holders of Class 4 claims will also be paid from the proceeds of the refinance as herein provided. Upon such payment, the Debtor may transfer title to 187 Main St., Point Arena, CA to 610 Properties, LLC as a condition of the refinance.

7.03.    The Debtor may cause real property located at 187 Main St., Point Arena, CA to be leased or sold. If a sale is effectuated, holders of allowed claims secured by such property shall be paid from the proceeds of sale together with interest as herein provided. Holders of Class 1 claims and Holders of Class 4

claims will also be paid from the proceeds of sale as herein provided.

7.04. The Debtor shall commence payments to holders of allowed secured claims on the Effective Date of the Plan as herein set forth. To the extent not heretofore commenced and resolved, motions or Adversary Proceedings will be commenced within 90-days of the Effective Date of the Plan to determine such secured amounts pursuant to Section 506 of the Bankruptcy Code where such determination is relevant to the implementation of the Plan terms.

7.05. Taxes on the secured tax roll which are not current on the effective date shall be placed on a five-year Plan pursuant to applicable Statute.

7.06. No party shall take any action against the Debtor, its assets, or assets of the estate inconsistent with the terms of the within Plan.

7.07. The Debtor shall commence payments to the unsecured creditors on the Effective Date of the Plan as provided herein. The distributions may be made from a disbursing account on a quarterly basis.

7.08. The Debtor shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of a final order as required by law. Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law. In the event the case is converted to a case under Chapter 7, the assets shall re-vest in the Chapter 7 estate.

7.09. Any sale or refinance of property as provided herein

may be made free and clear of liens as provided in the Bankruptcy Code. The Bankruptcy Court shall reserve jurisdiction to implement the Plan, to approve sale of property, and to direct such sale of property free and clear of lien where necessary or appropriate.

7.10. The Debtor reserves rights to object to any claim filed in the case and to assert any and all counterclaims against any party filing such a claim. The deadline to object to claims shall be the later of 1-year from the Effective Date of the Plan or 90-days from the filing of any Proof of Claim or amendment thereto.

7.11. Should the Debtor default on its obligations to pay secured creditors pursuant to the Plan, such creditors may exercise non-judicial remedies pursuant to State Law after fifteen (15) days written notice is given by first class mail postage prepaid. Should the Debtor default on its obligations to pay unsecured creditors pursuant to the Plan, such creditors may move for conversion or dismissal of the case under Section 1112(b) of the Code.

7.12. Confirmation of the herein Plan shall operate as a cure of any and all pre-confirmation defaults.

7.13. The Debtor reserves rights to object to the reasonableness of any attorneys fees and charges claimed by any secured creditor and to object to any claim of any creditor for which such creditor requests allowance.

7.14. The Debtor reserves rights to seek sanctions against any party to this proceeding or such party's attorney for violating Rule 9011 of the Federal Rules of Bankruptcy Procedure.

7.15. The Debtor reserves rights to avoid a transfer of property to any person under the Code. Any avoided transfer(s) will be preserved for the estate as provided in the Code. Such recovered

property shall be liquidated and distributed on account of unsecured claims in accordance with the priorities set forth in Section 507 of the Code.

ARTICLE VIII

RETENTION OF JURISDICTION

8.01.     Notwithstanding Confirmation of the Plan, the Court shall retain jurisdiction for, inter alia, the following purposes:

1.     Determination of the allowance of claims upon objection to such claims by the Debtor based upon any provision of law, including, but not limited to any right of set off, counterclaims, statute of limitations, and any and all defenses thereto;

2.     Determination of the validity, priority and extent of liens under any applicable provision of law;

3.     Determination of requests for payment of claims entitled to priority under Section 507(a)(1) of the Code, including compensation of parties entitled thereto;

4.     Determination of any counter claims against any party filing a claim in the case, and determination of any sanctions against any party to the case or such party's attorney for violating Bankruptcy Rule 9011.

5.     Resolution of any disputes regarding the interpretation of the Plan;

6.     Implementation of the provisions of the Plan and entry of Orders in aid of confirmation of the Plan, including without limitation, appropriate orders to protect the Debtor from creditor actions, approval of refinance or sale of property, orders for sale free and clear of liens and interests;

7. Modification of the Plan pursuant to Section 1127 of the Code;

8. Determination of reasonableness of any attorneys fees and charges claimed by any creditor or lessor or secured creditor;

9. Avoidances of avoidable transfers pursuant to the Code and recovery of improper post-petition transfers, and any reserved cause of action;

10. Determination of secured status, extent of secured status, and Debtor's right to recover expenses from property securing claim pursuant to Section 506 of the Code;

11. Enforcement of stipulations entered into by the Debtor and orders and judgments made by the Bankruptcy Court;

12. Collection of any sums due the Debtor from other parties or from any other source;

13. Determination of rights and causes of action reserved to the Debtor as provided herein; and

14. Entry of final decree.

ARTICLE IX

EFFECT OF CONFIRMATION

9.01. Confirmation of the Plan shall have the effect set forth in Section 1141 of the Code. The rights afforded herein, and the treatment of all claims and interests as set forth herein, shall be in full exchange for, and in complete satisfaction, discharge and release of, all claims and interests of any kind or nature whatsoever, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due, prior to the Effective Date, including without limitation any claims or interest on claims, accruing on or after

the commencement of the case against the Debtor, the estate, or assets or property thereof as provided in Section 1141 of the Code.

9.02. Except as, and to the extent, expressly provided in the Plan or the Confirmation Order, at all times on and after entry of an order discharging the debtor as provided in Section 1141(d) of the Bankruptcy Code, (a) all such claims against, and interests in, the Debtor or the estate shall be deemed fully and finally satisfied, discharged and released; (b) all persons shall be fully and finally barred, enjoined and precluded from asserting against the reorganized Debtor or its assets, any claims or interests based upon act or omission, transaction, agreement, right, privilege, duty, entitlement, obligation or other event or activity of any kind or nature whatsoever that occurred prior to the Effective Date of the Plan; and (c) all claims and interests shall be fully and finally discharged as provided in Section 1141 of the Code.

ARTICLE X

ALTERATION OF RIGHTS OF THIRD PARTIES

10.01. Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Sections 510(a) or 524(a) of the Code. Except as expressly stated in the Plan, holders of secured claims shall retain their liens on the Debtor's assets to the extent of the allowed amount of such claim.

ARTICLE XI

MISCELLANEOUS

11.01. <u>Notice</u>. All notices required or permitted to be made in accordance with the Plan or by the Code shall be in writing and shall be delivered personally, or by First Class mail:

                    a.    To Debtor:    David N. Chandler, Jr.
                                        David Nyle Chandler P.C.
                                        1747 Fourth Street
                                        Santa Rosa, CA 95404

                    b.    To the Holder of an Allowed Claim, at the address set forth in the Allowed Proof of Claim, or if none, at the address set forth in the Schedules prepared and filed with the Court pursuant to Section 1007(b) of the Code.

          11.02.    _Effective Date of the Plan_. For purposes of all determinations to be made pursuant to the Bankruptcy Code in respect to the Plan or any Claim or Interest, the Effective Date of the Plan shall be thirty (30) days following the date the Order of Confirmation becomes final.

          11.03.    _Reservation of Rights_. Neither the filing of this Plan nor any statement or provision contained herein, shall be or be deemed to be an admission against interest.

ARTICLE XII

CONFIRMATION REQUEST

          12.01.    Wildflower Investment Properties II, LLC, Debtor herein, requests Confirmation of the Plan pursuant to Section 1129 of the Code.


Dated: 12/15/2025                    DAVID NYLE CHANDLER P.C.


                                     _/s/ David N. Chandler, Jr._
                                     DAVID N. CHANDLER, Jr.
                                     Attorney for Debtor